IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| YUSUF BROWN-AUSTIN, | : | Case No. 1:24-cv-397 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff Counsel's Motion to Withdraw as Counsel and Request for an Extension (Doc. 28) and Plaintiff's pro se Motion to Withdraw Counsel and Request for a Stay (Doc. 29). For the reasons below, Plaintiff Counsel's Motion to Withdraw as Counsel and Request for an Extension (Doc. 28) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's pro se Motion to Withdraw Counsel and Request for a Stay (Doc. 29) is **DENIED**.

### BACKGROUND

Plaintiff filed his initial complaint on July 29, 2024, bringing First Amendment and Due Process claims against numerous Defendants. (*See* Compl., Doc. 1.) On August 7, 2024, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 3.) Plaintiff then filed two amended complaints, the first on August 15, 2024, and the second on September 13, 2024. (Docs. 5, 8.) Defendants Assistant Investigator Wyman, Richard Phiffer, Doug Fender, David Bobby, Core Civic Corporation, and Unit Manager Douglass moved to dismiss on

November 27, 2024 ("Wyman Motion"). (Doc. 20.) Plaintiff requested an extension to respond to the Wyman Motion (Doc. 23), which the Court granted. (12/18/2024 Notation Order.)

On January 14, 2025, Plaintiff requested an additional, final extension to respond to the Wyman Motion, extending the deadline to February 14, 2025. (Doc 25.) The Court also granted this Motion. (1/15/2025 Notation Order.) Then, on January 15, 2025, Defendants Annette Chambers-Smith, Christopher Lambert, Cynthia Davis, and Jeremy Oppy filed a separate Motion to Dismiss ("Chambers-Smith Motion"). (Doc. 25.) On January 27, 2025, Plaintiff's Counsel moved to withdraw and requested an additional 60-day extension for Plaintiff to respond to Wyman and Chambers-Smith's Motions. (Doc. 28.) The following day, Plaintiff filed his own motion to proceed pro se and to stay this case pending the adjudication of his Motion to Vacate Judgment in a related case before this Court. (Doc. 29.) The Court will address each motion in turn.

## LAW & ANALYSIS

### I. Motions to Withdraw

Courts have discretion in deciding whether to grant an attorney's motion to withdraw. *Cremeans v. Taczak*, 2:19-CV-2703, 2024 U.S. Dist. LEXIS 225966, at *10 (S.D. Ohio Dec. 13, 2024); *see also King v. Curtis*, 610 F. App'x 534, 537 (6th Cir. 2015) A "court may forbid withdrawal if it would work severe prejudice on the clients or third parties." *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009). Here, it does not appear that counsel's withdrawal would prejudice any party. In fact, Plaintiff filed his own separate motion seeking to proceed pro se. (Motion to Withdraw and Request to Stay, Doc. 29, Pg. ID 252.)

2

Thus, for good cause, the Court will grant counsel's motion to withdraw.

## II. Request for Extension

"[A] party has a right to determination of its rights and liabilities without undue delay." *Ohio Env't Council v. United States Dist. Ct. for the S. Dist. Of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977). And, "[d]efendants are prejudiced when a case filed against them is unduly prolonged by a plaintiff's failure to respond to their dispositive motions." *Pierson v. DRC Dir.*, 1:20-CV-435, 2022 U.S. Dist. LEXIS 151808, at *3 (S.D. Ohio Aug. 23, 2022).

Plaintiff's Counsel requests a 60-day extension for Plaintiff to respond to both motions to dismiss. (Motion to Withdraw and Request for Extension, Doc. 28, Pg. ID 251.) The Court acknowledges that Plaintiff has already received two extensions to respond to the Wyman Motion. (12/18/24 and 1/15/2025 Notation Orders.) Furthermore, Defendants also object to Plaintiff's requested 60-day extension. (Motion to Withdraw and Request for Extension, Doc. 28, Pg. ID 251.) It is, however, "incumbent on the court to take appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." *Friedmann v. Campbell*, No. 98-6782, 1999 U.S. App. LEXIS 29691, at *3 (6th Cir. Nov. 8, 1999). Thus, the Court will allow Plaintiff to respond to the Wyman Motion and Chambers-Smith Motion within fourteen (14) days from the date of this Order.

## III. Plaintiff's Pro Se Motion to Withdraw Counsel

As this Court grants Plaintiff Counsel's Motion to Withdraw as Attorney (Doc. 28), the Court will not address Plaintiff's pro se Motion (Doc. 29) as it relates to the withdrawal of Plaintiff's Counsel. The Court denies this portion of the Motion as moot.

3

## IV. Request for Stay

Federal courts have the inherent authority to stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The factors a court should consider when determining whether to grant a stay are: "(1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court." *Hanley v. City of Hamilton*, No. 1:23-CV-342, No. 1:24-CV-486, 2024 U.S. Dist. LEXIS 208984, at *14-15 (S.D. Ohio Nov. 18, 2024).

After carefully considering each of these factors, the Court finds that they weigh against granting a stay. Plaintiff articulates no reason why a stay is necessary. (Motion to Withdraw and Request for Stay, Doc. 29, Pg. ID 252.) Plaintiff only states that the Court's ruling on Plaintiff's Motion to Vacate "will have a direct impact on the claims and defenses in this case." (*Id.*) However, Plaintiff does not state the potential impacts or even the defenses in question. Furthermore, a stay will not simplify the issues or reduce the burden of litigation on any party. Thus, Plaintiff's request for a stay is denied.

## CONCLUSION

Based on the foregoing, the Court **ORDERS** the following:

1. Plaintiff Counsel's Motion to Withdraw as Counsel and Request for an Extension (Doc. 28) is **GRANTED IN PART AND DENIED IN PART**;

4

   a. The Motion to Withdraw as Counsel is **GRANTED** and Eric J. Allen is hereby **TERMINATED** as counsel of record for Plaintiff;

   b. The Motion for an Extension is **GRANTED IN PART**;

2. Plaintiff's pro se Motion to Withdraw Counsel (Doc. 29) is **DENIED AS MOOT;**

3. Plaintiff's Request for a Stay (Doc. 29) is **DENIED**;

4. Plaintiff shall have until fourteen (14) days from the date of this Order to respond to Assistant Investigator Wyman, Richard Phiffer, Doug Fender, David Bobby, Core Civic Corporation, and Unit Manager Douglass' Motion to Dismiss (Doc. 20) and Defendants Annette Chambers-Smith, Christopher Lambert, Cynthia Davis and Jeremy Oppy's Motion to Dismiss (Doc. 25).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _/s/ Matthew W. McFarland_
JUDGE MATTHEW W. McFARLAND