IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| YUSUF BROWN-AUSTIN, | Case No. 1:24-cv-397 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| ANNETTE CHAMBERS-SMITH, et al., | |
| Defendants. | |

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. 3). All named Defendants have filed responses in opposition (Docs. 21, 26). Plaintiff has not replied in support, and the time to do so has passed. Additionally, while Plaintiff requests oral argument, the Court does not find oral argument "essential to the fair resolution" of the motion. S.D. Ohio Civ. R. 7.1(b)(2). Thus, this matter is ripe for the Court's review. For the reasons below, Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **DENIED**.

## ALLEGED FACTS

Plaintiff was initially incarcerated at the Northeastern Ohio Correctional Center ("NEOCC"). (Second Am. Compl., Doc. 8, ¶¶ 1, 2.) Defendant CoreCivic Inc. operates the NEOCC pursuant to a contract with the State of Ohio. (*Id.* at ¶ 2.) During Plaintiff's incarceration, CoreCivic failed to sufficiently staff the NEOCC. (*Id.* at ¶ 9.) To remedy this, the staff negotiated with the prison's gang leaders, agreeing that if the gangs reduced

prison violence, the NEOCC would allow the gang leaders to "control the prison." (*Id.* at ¶ 20.)

At first, Plaintiff willingly participated in this agreement. (Second Am. Compl., Doc. 8, ¶¶ 24-29.) In June 2022, however, a guard brought a loaded firearm into the NEOCC, which an inmate retrieved. (*Id.* at ¶ 30.) The NEOCC administration ordered Plaintiff to take the firearm from the inmate, but Plaintiff refused. (*Id.*) Later, Plaintiff's brother alerted the Ohio State Highway Patrol that the NEOCC ordered Plaintiff to seize a firearm from inside the prison. (*Id.* at ¶ 33.) This angered Defendants, who began to question whether they could trust Plaintiff. (*Id.* at ¶ 34.) Around the same time, Plaintiff was placed under heightened security after another inmate was attacked. (*Id.* at ¶ 31.)

On July 29, 2022, Plaintiff was transferred to the Ohio State Penitentiary. (Second Am. Compl., Doc. 8, ¶ 36.) On August 1, 2022, Plaintiff attended a hearing concerning the attack at the NEOCC. (*Id.* at ¶ 38.) At the hearing, Plaintiff was "found guilty," despite "the officer say[ing] they had no evidence from the case." (*Id.*) Later that month, a security review was held, and Plaintiff was again placed under heightened security. (*Id.* at ¶ 39.) Plaintiff, however, was not present at the security review. (*Id.*) Plaintiff was then transferred to the Southern Ohio Correctional Facility ("SOCF"). (*Id.* at ¶ 44.) Since his transfer, Plaintiff has experienced threats and mistreatment from corrections officers. (*Id.* at ¶¶ 46-49.)

On October 27, 2023, an SOCF inspector interviewed Plaintiff. (Second Am. Compl., Doc. 8, ¶ 50.) During the interview, Plaintiff explained the threats and intimidation he received from the SOCF's corrections officers. (*Id.*) Afterward, Defendant

no longer received heat to his cell. (*Id.* at ¶ 51.) Defendants Warden Cynthia Davis ("Davis") and Unit Manager Oppy ("Oppy") told Plaintiff that if he were to "drop his lawsuit" that he filed against them, his heat would be restored. (*Id.*) As a result of this treatment, Plaintiff requested to be transferred to a different prison. (*Id.* at ¶ 53.)

## PROCEDURAL POSTURE

Plaintiff filed his initial complaint on July 29, 2024, bringing Retaliation and Procedural Due Process claims against numerous Defendants. (*See* Compl., Doc. 1.) On August 7, 2024, Plaintiff filed a Motion for Preliminary Injunction (Doc. 3). Plaintiff then filed two amended complaints: the First Amended Complaint (Doc. 5), added a claim for Cruel and Unusual Punishment, and the Second Amended Complaint (Doc. 8), included additional facts. Defendants Assistant Investigator Wyman, Deputy Warden Richard Phiffer, Doug Fender, David Bobby, CoreCivic Inc., and Unit Manager Douglass ("CoreCivic Defendants") responded to Plaintiff's Motion for Preliminary Injunction on November 27, 2024 (Doc. 20). Defendants Annette Chambers-Smith, Chief Inspector Christopher Lambert ("Lambert"), Davis, and Oppy ("State Defendants") responded on January 15, 2025 (Doc. 26).

## LAW & ANALYSIS

Federal Rule of Civil Procedure 65(a) allows the Court to issue a preliminary injunction against an adverse party. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390,

395 (1981). "Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* This does not mean, though, "that preliminary injunctions should be granted lightly." *Southern Glazer's Distribs. of Ohio, LCC v. Great Lakes Brewing Co.*, 860 F.3d 844, 849 (6th Cir. 2017).

In determining whether to impose a preliminary injunction, this Court must consider four factors: "(1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). Courts balance these factors rather than treat them as "prerequisites that must be satisfied." *Id.* (quotation omitted). "The party seeking the preliminary injunction bears the burden of justifying such relief," and it should "only be awarded upon a clear showing that the [party] is entitled to such relief." *Id.*; *Winter*, 555 U.S. at 22.

I. **Plaintiff's Requested Relief**

Plaintiff seeks to enjoin "Defendants from retaliating against Plaintiff" and an order to transfer him from the SOCF. (Motion, Doc. 3, Pg. ID 29.) Federal Rule of Civil Procedure 65(d)(1), however, requires an injunctive order to "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." This requirement serves two important functions: "(1) [to]

4

prevent uncertainty and confusion on the part of those faced with injunctive orders, and thus avoid . . . a contempt citation on a decree too vague to be understood; and (2) [to] enable an appellate tribunal to know precisely what it is reviewing." *Union Home Mortg. Corp. v. Cromer*, 31 F. 4th 356, 362 (6th Cir. 2022) (cleaned up). Accordingly, "an injunction must be couched in specific and unambiguous terms, such that an ordinary person reading the court's order is able to ascertain from the document itself exactly what conduct is proscribed." *Id.* (quotation omitted). Here, the injunctive relief Plaintiff seeks is too vague. An order enjoining Defendants from "retaliating against Plaintiff" would provide little clarity on what conduct is proscribed. *See, e.g., Bates v. Ohio Dep't of Rehab.*, 1:22-CV-337, 2023 U.S. Dist. LEXIS 24485, at *16 (S.D. Ohio Feb. 13, 2023) (finding that a proposed injunction prohibiting the defendants from harassing, assaulting, and retaliating against the plaintiff was too vague). After all, "it is not this Court's role to sua sponte attempt to fashion a proper injunction" for Plaintiff. *HealthCall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 22-10797, 2022 U.S. Dist. LEXIS 140562, at *26 (E.D. Mich. Aug. 8, 2022).

Moreover, Plaintiff's requested relief raises an additional concern. The purpose of a preliminary injunction "is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas.*, 451 U.S. at 395. "Motions seeking to obtain affirmative preliminary injunctive relief must be more closely scrutinized than the already-disfavored motion for preliminary [injunction] which seeks to maintain the status quo." *Julick v. Jordan*, 5:23-CV-51, 2023 U.S. Dist. LEXIS 78858, at *7 (W.D. Ky. May 5, 2023) (collecting cases). Here, Plaintiff seeks, in part, an affirmative preliminary

5

injunction ordering his removal from the SOCF. (Motion, Doc. 3, Pg. ID 29.) Plaintiff's motion will therefore fall under even greater scrutiny. Notwithstanding these initial concerns, the Court will proceed to the merits of Plaintiff's Motion for Preliminary Injunction.

## II. Injunctive Relief Against the CoreCivic Defendants

Plaintiff argues for injunctive relief against all Defendants. Yet, "a prisoner's claim for declaratory and injunctive relief against certain prison officials [becomes] moot once the prisoner [is] transferred from the prison of which he complained to a different facility." *Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003). Plaintiff is no longer incarcerated at the NEOCC, which is operated by CoreCivic. (Second Am. Compl., Doc. 3, ¶ 36.) Specifically, Plaintiff was transferred from the NEOCC to the Ohio State Penitentiary on July 29, 2022. (*Id.* at ¶ 36.) Thus, Plaintiff's claims for injunctive relief against the CoreCivic Defendants are moot and the Court will only consider the four factors for Plaintiff's claims against the State Defendants.

## III. Injunctive Relief Against the State Defendants

### a. Likelihood of Success on the Merits

The first prong of the analysis requires Plaintiff to show a likelihood of success on the merits. *McNeilly*, 684 F.3d at 615. Plaintiff need only show a likelihood of success on one claim. *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010). The Court acknowledges that Plaintiff has moved for leave to file his Third Amended Complaint. (Motion for Leave, Doc 33.) Since the Court has not yet ruled on Plaintiff's Motion for Leave, it will analyze the likelihood of success of Plaintiff's claims included in his presently operative

6

Second Amended Complaint.

Plaintiff brings claims for Retaliation, Procedural Due Process, and Cruel and Unusual Punishment against every Defendant. (Second Am. Compl., Doc. 8.) The State Defendants argue that Plaintiff cannot show a likelihood of success because his claims against Defendants Chambers-Smith and Lambert are barred by res judicata. (State Defendants' Response, Doc. 26, Pg. ID 240-41; State Defendants' Motion to Dismiss, Doc. 25, Pg. ID 222.) "Under res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). For a claim to be barred, the following elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

Plaintiff filed an earlier complaint before this Court in the case styled *Yusuf Brown-Austin v. Annette Chambers-Smith, et al.*, No. 1:23-CV-478 ("the Prior Action"). There, Plaintiff alleged Retaliation and Procedural Due Process violations by Defendants Chambers-Smith and Lambert. *Brown-Austin v. Chambers-Smith*, No: 1:23-CV-478, 2024 U.S. Dist. LEXIS 151849, at *5-6 (S.D. Ohio Aug. 22, 2024). This Court summarily dismissed all of Plaintiff's claims. *Id.* at *20. Although the order did not plainly state whether the dismissal was with prejudice, Federal Rule of Civil Procedure 41(b) dictates that "unless a dismissal states otherwise, a dismissal . . . operates as an adjudication on the merits." Since this Court's Order did not state otherwise, the Prior Action was a final

7

decision adjudicated on the merits. Turning to the remaining res judicata elements, the Prior Action included Defendants Chambers-Smith and Lambert. *Id.* at *4. Next, any claim Plaintiff now brings was or could have been litigated in the Prior Action. Finally, the Prior Action involved the same series of events for which Plaintiff brings his current claims. *See id.* at *2-6. Thus, Plaintiff's claims against Defendants Chambers-Smith and Lambert are precluded and cannot succeed on the merits.

Accordingly, Plaintiff's only claims which may still have a likelihood of success are against the remaining State Defendants, Davis and Oppy. Plaintiff, however, has failed to point to any evidence showing that he has a substantial likelihood of success on any of his claims. "Plaintiff's allegations in his complaint and motion do not constitute evidence supporting injunctive relief." *Smith v. Wilkinson*, 1:05-CV-411, 2005 U.S. Dist. LEXIS 15564, at *4 (S.D. Ohio July 29, 2005). Where no evidence supports Plaintiff's motion, it must be denied. *Id.; see also Foster v. Ohio*, No. 1:16-CV-920, 2017 U.S. Dist. LEXIS 200944, at *15 (S.D. Ohio Nov. 2, 2017), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 200814 (S.D. Ohio Dec. 5, 2017); *Brooks v. Potter*, No. 2:13-CV-507, 2013 U.S. Dist. LEXIS 134255, at *9 (S.D. Ohio Sept. 18, 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 154949 (S.D. Ohio Oct. 29, 2013). Plaintiff has therefore not shown a likelihood of success on the merits.

b. **Irreparable Harm**

The next prong of the analysis looks to whether the plaintiff will suffer irreparable harm. The Court must weigh the strength of all the factors together, but "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm

8

requirement.'" *D.T. v. Summer Cty. Sch.*, 942 F.3d 324, 326-37 (6th Cir. 2019); *Cretor Constr. Equip. LLC v. Gibson*, No. 1:24-CV-322, 2024 U.S. Dist. LEXIS 115526, *13 (S.D. Ohio July 1, 2024) ("[F]ailure to show an irreparable injury is always fatal.") For the plaintiff to satisfy this burden, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Additionally, a harm must not be "fully compensable by monetary damages." *Overstreet v. Lexington–Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).

Plaintiff argues that he faces irreparable harm from corrections officers retaliating against him for filing grievances and civil complaints. (Motion, Doc. 3, Pg ID 36.) As Plaintiff notes, "[t]he loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). The Court, however, has already determined that Plaintiff is unlikely to succeed on his First Amendment claim. Thus, Plaintiff's reliance on a presumption of irreparable harm based on alleged First Amendment violations is not compelling. *Overstreet*, 305 F.3d at 578. Since Plaintiff articulates no other argument as to irreparable harm, this factor weighs against granting an injunction.

### c. Substantial Harm to Others

The third factor asks, "whether issuance of a preliminary injunction would cause substantial harm to others." *McNeilly*, 684 F.3d at 615. Plaintiff only provides a conclusory argument that Defendants cannot argue that they would be harmed if this Court grants a preliminary injunction. (Motion, Doc. 3, Pg. ID 37.) The Court, however, "must be

mindful of the cautions that apply when issuing an injunction that affects the operation of the prison system." *Stone v. Ohio Parole Bd.*, 2:21-CV-884, 2012 U.S. Dist. LEXIS 63442, at *10 (S.D. Ohio Mar. 31, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 211210 (S.D. Ohio Nov. 2, 2021). Moreover, courts should proceed with the utmost care and grant deference to prison authorities when a prisoner seeks to enjoin prison officials. *See Frazer v. Mullins*, 5:23-CV-193, 2024 U.S. Dist. LEXIS 227038, at *6 (E.D. Ky. Nov. 26, 2024); *Kendrick v. Bland*, 740 F.2d 432, 438, n.3 (6th Cir. 1984). In light of these considerations, this factor also weighs against Plaintiff.

### d. The Public Interest

The last factor concerns whether "the public's interest will be served if the court grants a preliminary injunction." *McNeilly*, 684 F.3d at 615. Plaintiff argues that Defendants have locked his JPAY account, preventing him from filing grievances. (Motion, Doc. 3, Pg. ID 38.) Prisoners, however, do not have a constitutional right to the unfettered access of prison grievance procedures. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Furthermore, as the State Defendants noted, Ohio correctional institutions no longer utilize JPAY. (Response, Doc. 26, Pg. ID 241.) Instead, they use a program called ViaPath, which Plaintiff has not claimed to be barred from using. (*Id.*) Thus, this last factor weighs against Plaintiff.

## CONCLUSION

Considering the vagueness of Plaintiff's requested injunction, and his inability to demonstrate that any factor weighs in his favor, Plaintiff's Motion for Preliminary Injunction (Doc. 3) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND
