**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| YUSUF BROWN-AUSTIN, | : | Case No. 1:24-cv-397 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER ADOPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATIONS (Doc. 85)**

---

This matter is before the Court on Chief Magistrate Judge Stephanie K. Bowman's

Report and Recommendations (Doc. 85). Plaintiff filed Objections (Doc. 90), to which

Defendants filed a Response in Opposition (Doc. 91). Thus, this matter is fully briefed

and ripe for the Court's review.

**LAW AND ANALYSIS**

The Court conducts de novo review of any portions of the Report and

Recommendations properly objected to by a party. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

P. 72(b)(3). "The filing of vague, general, or conclusory objections," however, "does not

meet the requirement of specific objections and is tantamount to a complete failure to

object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Arteaga v. Cinram-*

*Technicolor*, No. 3:19-CV-349, 2022 WL 1256659, at *1 (M.D. Tenn. Apr. 27, 2022)

(distinguishing between properly specified objections and general objections). To the

extent that Defendants argue for the application of the "clear error" or "contrary to law" standards under Federal Rule of Civil Procedure 72(a) (Response to Objections, Doc. 91, Pg. ID 1026-27), the Court would still reach the same conclusions below.

Plaintiff first generally objects that the Chief Magistrate Judge failed to liberally construe his pro se filings. (Objections, Doc. 90, Pg. ID 1018.) While acknowledging Plaintiff's pro se status, the undersigned also recognizes that "[t]he liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citing *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006)). The Court now reviews Plaintiff's Objections (Doc. 90) as they relate to his Motion to Add Supplemental Pleading (Doc. 47) and Motions for Injunctive Relief (Doc. 46).

## I.     Motion to Add Supplemental Pleading

First, the Court considers Plaintiff's request to supplement his pleadings by including additional allegations of retaliation against existing Defendants. (Motion to Supplement, Doc. 47.) Federal Rule of Civil Procedure 15(a) instructs courts to "freely give leave [to amend] when justice so requires." The liberal granting of amendments promotes the resolution of cases on their merits—not the technicalities of pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). When deciding a motion to amend, courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Similarly, and of particular relevance here, Federal Rule of Civil Procedure 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." While supplemental pleadings, rather than amended pleadings, are meant to cover matters arising after the original complaint was filed, "the standard for granting leave to supplement under Rule 15(d) is identical to the standard governing leave to amend under Rule 15(a)." *See Murphy v. Grenier*, No. 07-CV-15248, 2009 WL 1044832, at *19 (E.D. Mich. Apr. 20, 2009), *aff'd*, 406 F. App'x 972 (6th Cir. 2011) (citing *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002)).

The Chief Magistrate Judge recommended denying Plaintiff's Motion to Add Supplemental Pleading because the new claims would (1) mirror those already pending against Defendants Jeremy Oppy and Cynthia Davis, (2) provide Plaintiff yet another chance to characterize events from 2022, (3) prejudice Defendants, and (4) frustrate judicial economy. (Report, Doc. 85, Pg. ID 973-74.) Plaintiff counters that the proposed allegations represent separate acts that took place after he filed his Amended Complaint and that relate to retaliation claims previously permitted to proceed. (Objections, Doc. 90, Pg. ID 1020-21.) Additionally, Plaintiff asserts that he moved to supplement at an early stage within this litigation and granting his request will promote judicial efficiency. (*Id.* at Pg. ID 1021.)

While there may be some overlap between the supplemental allegations and the currently operative Amended Complaint, the function of a motion to supplement is "to bring the action 'up to date.'" *Weisbord v. Michigan State Univ.*, 495 F. Supp. 1347, 1351

3

(W.D. Mich. 1980). Notably, the new allegations include occurrences that purportedly took place in June 2025—well after Plaintiff initiated this lawsuit. (*See* Proposed Pleadings, Doc. 47-1, Pg. ID 540-41.) Plaintiff then filed his Motion to Add Supplemental Pleading (Doc. 47) near the end of June 2025. Thus, Plaintiff swiftly moved to supplement his pleadings, and any prejudice to Defendants is limited. Defendants certainly dispute the merits of these new allegations (Response, Doc. 50, Pg. ID 646), but they rely on evidence that the Court will not consider in deciding whether to permit supplemental allegations. *See Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 421 (6th Cir. 2000) ("The test for futility, however, does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). Thus, viewing the situation with the "liberal granting" standard in mind, the Court sustains Plaintiff's objections in this regard and grants Plaintiff's Motion to Add Supplemental Pleading (Doc. 47).

## II.    Plaintiff's Motions for Injunctive Relief

Moving forward, Plaintiff's request for a temporary restraining order and a preliminary injunction appears to be multifaceted: (1) enjoining a specific security level designation, as well as preventing Defendants from partaking in further retaliation, and (2) preventing Defendants from destroying evidence. (Motions for Injunctive Relief, Doc. 46, Pg. ID 532.) Plaintiff's requests turn upon four factors: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction

would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet v. Lexington-Fayette Urb. Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Such injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Id.* Courts have also recognized particular concerns when the nature of the injunctive relief would uniquely implicate the prison system. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979); *Taylor v. Bauman*, No. 2:16-CV-41, 2016 WL 3545329, at *1 (W.D. Mich. May 31, 2016), *report and recommendation adopted*, No. 2:16-CV-41, 2016 WL 3440653 (W.D. Mich. June 23, 2016).

Defendants represent that Plaintiff's requests for injunctive relief against Defendant Davis and Defendant Oppy are moot because Plaintiff has since been transferred to another facility. (Response to Objections, Doc. 91, Pg. ID 1027.) A search of Defendant's inmate number with the Ohio Department of Rehabilitation and Correction confirms this transfer. "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018) (cleaned up). In other words, a court must be able to grant "effectual" relief regarding the matter at issue. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1985)). Generally, "A prisoner's claim for declaratory or injunctive relief against certain prison officials becomes moot once the prisoner has been transferred from the facility of which he complained to a different facility." *Henderson v. Palmer*, No. 22-CV-12322, 2023 WL 6160611, at *2 (E.D. Mich. Sept. 21, 2023) (collecting cases); *see also Kensu v. Haigh*, 87 F.3d

5

172, 175 (6th Cir. 1996) (explaining that the plaintiff's injunctive relief claims were "now moot as he is no longer confined to the institution that searched his mail"). Here, since Plaintiff has been transferred and his requested facility-based injunctive relief against Defendant Davis and Defendant Oppy would no longer have an impact, these requests are moot.

That being said, the Court walks through the pending matters to ensure a thorough record. As for Plaintiff's injunctive request concerning his security status level, Plaintiff does not specifically object to the Chief Magistrate Judge's application of the four familiar factors. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (discussing that failure to file specific objections amounts to waiver); *Arteaga*, 2022 WL 1256659, at *1-2. In any event, the Chief Magistrate Judge appropriately found that the factors weigh against injunctive relief. (Report, Doc. 85, Pg. ID 968-72.) Turning to Plaintiff's likelihood of success on the merits, Defendants have pointed to evidence that Plaintiff's security classification was raised because he was found responsible for "assaulting another incarcerated person." (*Id.* at Pg. ID 970; Defendants' Response, Doc. 49, Pg. ID 585; Oppy Decl., Doc. 49-1, Pg. ID 591-93 (declaring that Plaintiff was mistakenly marked for a lower security designation due to software issues)). Similarly, Plaintiff has not made an adequate showing of irreparable harm. And, as for the last two factors, the Court concurs with the Chief Magistrate Judge's analysis that "intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against [the] public interest." (Report, Doc. 85, Pg. ID 971-72 (quoting *Roach v. Hiland*, No. 5:12-CV-169, 2013 WL 1501424, at *2 (W.D. Ky. Apr. 11, 2013)).

6

Instead, Plaintiff specifically objects that a temporary restraining order is necessary to prevent the destruction of evidence. (Objections, Doc. 90, Pg. ID 1019.) Several courts have viewed such requests in relation to the underlying merits of the substantive claims. *See, e.g.*, *Mims v. Davids*, No. 1:22-CV-232, 2022 WL 950022, at *9 (W.D. Mich. Mar. 30, 2022) (denying evidence preservation injunction because the movant's Eighth Amendment claim lacked a likelihood of success on the merits); *Yielding Jr. v. City of Cabot, et al.*, No. 4:25-CV-1108, 2026 WL 766219, at *6-8 (E.D. Ark. Mar. 17, 2026) (similar). But, even viewing Plaintiff's request independently from the aforementioned analysis, Plaintiff's arguments do not convince.

Defendants emphasize that Plaintiff raises concerns about unspecified evidence destruction based upon the hearsay of unidentified staff. (Response, Doc. 49, Pg. ID 581; *see also* Reply, Doc. 55, Pg. ID 738-39; Plaintiff's Decl., Doc. 46, Pg. ID 533.) In any event, "a district court could impose many different kinds of sanctions for spoliated evidence, including dismissing a case, granting summary judgment, or instructing a jury that it may infer a fact based on lost or destroyed evidence." *Adkins v. Wolever,* 554 F.3d 650, 653 (6th Cir. 2009); *see also Green v. Galencare Inc.*, No. 8:25-CV-579, 2025 WL 1648772, at *1 (M.D. Fla. June 11, 2025) (denying injunctive relief because the movant failed to explain why spoliation sanctions would not suffice). Courts have declined to explicitly order the preservation of evidence in numerous situations. *See, e.g.*, *Young v. City of Logan*, No. 2:25-CV-698, 2026 WL 322745, at *7 (S.D. Ohio Feb. 6, 2026); *Carre v. Nutton*, No. 25-CV-11628, 2025 WL 2213965, at *4 (E.D. Mich. Aug. 4, 2025); *Courtney v. Prison Health Servs.*, No. 10-CV-14123, 2011 WL 1552159, at *3 (E.D. Mich. Feb. 28, 2011), *report and recommendation*

*adopted sub nom. Brian Courtney v. Prison Health Servs.*, No. 10-CV-14123, 2011 WL 1527971 (E.D. Mich. Apr. 22, 2011) (declining to enter such an injunction because it would amount to "nothing more than an injunction ordering Defendants to 'obey the law'"); *Doe v. Dominique*, No. 1:13-CV-4270, 2014 WL 12115948, at *4 (N.D. Ga. Jan. 3, 2014) (similar). Accordingly, upon review of this record, the Court does not find injunctive relief appropriate at this juncture. Plaintiff's objections are therefore overruled in this regard.

### III.   Plaintiff's Remaining Objections

Defendants oppose Plaintif's objections pertaining to the Chief Magistrate Judge's other rulings. (Response to Objections, Doc. 91, Pg. ID 1026, 1029.) The Court finds that Plaintiff's filing, titled "Plaintiff['s] Objections to Report and Recommendation[s] (Doc. 85)," primarily relates to the Report and Recommendations. (Objections, Doc. 90.) To the degree that Plaintiff may be objecting to the Chief Magistrate Judge's Order Granting Defendant's Motion to File an Answer Instanter (Doc. 79), this objection is not timely. *See* Fed. R. Civ. P. 72(a). And, even if it were, the Court does not find this argument persuasive. Moreover, any remaining arguments in Plaintiff's Objections (Doc. 90) do not alter the Court's aforementioned analysis.

### CONCLUSION

For all these reasons, the Court **ORDERS** the following:

1.  The Report and Recommendations (Doc. 85) are **ADOPTED IN PART AND REJECTED IN PART**;

2.  Plaintiff's Motion to Add Supplemental Pleading (Doc. 47) is **GRANTED** and Plaintiff's Objections (Doc. 90) are **SUSTAINED** in this regard; and

3. Plaintiff's Motion for Show Cause Order, Preliminary Injunction, and Emergency Temporary Restraining Order (Doc. 46) is **DENIED** and Plaintiff's Objections (Doc. 90) are **OVERRULED** in this regard.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND